Argued June 21, reversed August 22, reconsideration denied
September 12, 1978, petition for review denied January 23, 1979

# HOUSING AUTHORITY AND URBAN RENEWAL AGENCY OF LANE COUNTY, *Respondent,*

*v.*

# LANE COUNTY BOARD OF COMMISSIONERS et al, *Appellants.*

## (No. 77-5087, CA 9541)

582 P2d 844

Margie Hendriksen, Assistant County Counsel, Lane County Office of Legal Counsel, Eugene, argued the cause and filed the brief for appellants.

K. Patrick Neill, Eugene, argued the cause for respondent. With him on the brief was Vonderheit, Hershner, Hunter, Miller, Moulton & Andrews, Eugene.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

TANZER, J.

## TANZER, J.

This is a suit for declaratory and injunctive relief by which the Housing Authority and Urban Renewal Agency of Lane County seeks to preclude the county commissioners from transferring the powers and duties of the Authority to itself or to any other public body. The circuit court granted the Authority's motion for summary judgment and entered an order declaring that the Board of Commissioners was not empowered to assume the Authority's functions or to transfer them to another agency. The order also enjoined the commissioners from adopting any motion, resolution or ordinance which purported to do so.[1] The county commissioners appeal and we reverse.

■ Municipal housing authorities are created and governed by the Housing Authorities Law, ORS 456.055 to 456.235. Urban renewal agencies are created and governed by ORS chapter 457. In all pertinent respects these two statutory schemes are parallel to one another and, therefore are subject to the rule of construction that identical provisions in the two acts should be given the same effect.

■ The acts create a housing authority and an urban renewal agency in every city and county in the state. ORS 456.075 and 457.130. These bodies are corporate and political entities distinct from the municipal governments themselves. However, they may not transact business or exercise their statutory authority unless and until the governing body of the city or county declares that there is a need for such an agency within its political boundaries.[2]

---

[1] Because we conclude that the trial court erred in holding that the Board of Commissioners could not reassign the Authority's function, we do not consider whether a court may properly enjoin performance of the legislative function.

[2] As to housing authorities, ORS 456.075 provides:

"In each city, as defined in ORS 456.055, and county there hereby is created a public body corporate and politic to be known as the

Upon the adoption of such a resolution of need, the municipal governing body must elect whether to retain or delegate the functions of the agency. In the case of housing authorities, the governing body may either exercise those powers itself or create a separate commission to serve as the authority.[3] The function of an urban renewal agency may be assumed by the

'housing authority' of the city or county. However, the housing authority shall not transact any business or exercise its powers until or unless the governing body of the city or the county, by proper resolution, declares that there is need for an authority to function in such city or county. The governing body of the city or the county shall also elect to have the powers of a housing authority exercised in any one of the two ways provided in subsection (1) of ORS 456.095."

As to urban renewal agencies, ORS 457.130 provides:

"(1) In each municipality, as defined in ORS 457.010, there hereby is created a public body corporate and politic to be known as the 'urban renewal agency' of the municipality. However, the urban renewal agency shall not exercise its powers until or unless the governing body of the municipality, by proper resolution, declares that there is need for an urban renewal agency to function in the municipality and the governing body has elected to have the powers of an urban renewal agency exercised in any of the three ways provided in subsection (1) of ORS 457.140.

"(2) The governing body of a municipality may adopt a resolution declaring that there is a need for an urban renewal agency to function in the municipality if the governing body finds that blighted or deteriorated areas exist in the municipality."

[3] ORS 457.095(1) provides:

"(1) When the governing body of a city or county adopts a resolution pursuant to ORS 456.085, the governing body may then elect to have the powers of a housing authority under this chapter exercised in any of the following ways:

"(a) Appointing by resolution, a board or commission composed of five, seven or nine persons.

"(b) Declaring, by resolution, that the governing body, itself, shall exercise the powers of a housing authority under this chapter. In the event that the governing body of a city has an even number of members, the mayor shall be included as a member whenever the governing body is exercising the powers of a housing authority. However, any act of the governing body acting as a housing authority shall be, and shall be considered, the act of the housing authority only and not of the governing body."

Lane County adopted a resolution activating its housing authority in 1949. At that time, the Housing Authorities Law did not allow the governing body to perform the housing authority function itself, but rather required the creation of a separate board comprised of five persons. *See* 1949 Or Laws, ch 139, § 1.

governing body or delegated to the housing authority or to a separate commission.[4]

After the initial assignment of authority has been made, the power of a city or county to reassign the housing authority function is regulated by ORS 456.233, which provides:

"If, pursuant to this chapter, the governing body in a city or a county has declared, by resolution, that the governing body itself shall exercise the powers of a housing authority under said chapter, the governing body may thereafter, by resolution, elect to transfer such powers and the authority to act as the housing authority to any other body which may be designated by this chapter to exercise such powers. The governing body of the city or county may, by resolution, return the powers and authority to act as the housing authority to itself. All duties and obligations of the governing body as the housing authority of the municipality shall thereafter be assumed and performed by the body to which such powers and authority are transferred."

The urban renewal analogue to this provision is ORS 457.145, which provides:

"If, pursuant to this chapter, the governing body in a city has declared, by resolution, that the governing body itself shall exercise the powers of an urban renewal agency under this chapter, the governing body may

---

[4] ORS 457.140(1) provides:

"When the governing body of a municipality adopts a resolution under subsection (2) of ORS 457.130, the governing body may elect to have the powers of an urban renewal agency under this chapter exercised in any of the following ways:

"(a) Declaring, by resolution, that the powers of an urban renewal agency under this chapter shall be in the housing authority established pursuant to the Housing Authorities Law in which case the name of the body corporate and politic shall be the "housing authority and urban renewal agency" of the municipality.

"(b) Appointing, by resolution, a board or commission composed of not less than three members to exercise the powers of an urban renewal agency under this chapter.

"(c) Declaring, by resolution, that the governing body, itself, shall exercise the powers of an urban renewal agency under this chapter. However, any act of the governing body acting as the urban renewal agency shall be, and shall be considered, the act of the urban renewal agency only and not of the governing body."

thereafter, by resolution, elect to transfer such powers and the authority to act as the urban renewal agency to any other body which may be designated by this chapter to exercise such powers. The governing body of the city may, by resolution, return the powers and authority to act as the urban renewal agency to itself. All duties and obligations of the governing body as the urban renewal agency of the municipality shall thereafter be assumed and performed by the body to which such powers and authority are transferred."

The authority of a municipal governing body to reassume these powers is regulated by the second sentence of each statute:

"* * * The governing body of the city may, by resolution, return the powers and authority to act as the housing authority [or urban renewal agency] to itself. * * *"

Plaintiff contends that this sentence is operative only if the events of the first sentences have occurred, *i.e.,* that the commission has initially elected to retain the power and thereafter delegated it. The logic of that construction rests upon the word "return" in the second sentences from which plaintiff perceives the implication that power cannot be returned to the commission unless it was initially there. Thus, under plaintiff's approach, if Lane County's Board of Commissioners had originally elected to perform the housing authority and urban renewal functions in itself, and subsequently created a separate body to assume those functions, it could thereafter "return" the transferred functions to itself. However, because Lane County initially created a separate housing authority board and delegated the powers to it, plaintiff argues it may never reallocate either of the functions.

Although plaintiff's construction has some logical force, a contrary construction is more reasonable both in terms of the composition of the statutes and the legislative purpose they appear designed to advance.

Compositionally, the sentences of the two statutes read as if they are meant to cover alternative situa-

tions rather than serial events. The use of the word "return" more likely reflects the fact that an assignment of municipal powers to an independent body is a delegation of powers which may be returned to the delegating body in which they initially resided.

Such a construction is more consistent with the apparent legislative purpose. The basic thrust of the statutes is to promote rather than to inhibit organizational flexibility. We cannot assume, as plaintiff's construction would require, that the legislature intended that once a municipal governing body has delegated these powers, the delegatee agency should be permanently insulated from direct political responsibility and forever immune to changes in prevailing political philosophy.

Accordingly, we construe both ORS 456.233 and 457.145 as authorizing a governing body to reassign housing and urban renewal functions regardless of whether those functions were initially retained by the governing body.

As a fallback argument, plaintiff contends that the county may not act to reclaim the urban renewal function under ORS 457.145 because that statute refers only to the governing body of a city. Reading this provision in the context of the entire statutory scheme, it is clear that the word "county" was omitted from the statute by legislative oversight. The urban renewal program applies to cities and counties alike. Apart from ORS 457.145, no section of the urban renewal statutes distinguishes between cities and counties in terms of powers, duties or obligations. In fact, although the term "city" is used twice in ORS 457.145, that section also uses the term "municipality," which is defined as any county or incorporated city within the state. ORS 457.010(6).

■■ When necessary in order to effectuate a clear legislative purpose, it is appropriate to imply into a statute words which were inadvertently omitted. *Lane County v. Heintz Const. Co. et al,* 228 Or 152, 160, 364

P2d 627 (1961); *Holman Tfr. Co. et al. v. Portland et al.,* 196 Or 551, 564-65, 249 P2d 175, 250 P2d 929 (1952). This is such a case. Accordingly, we hold that ORS 457.145 applies to counties as well as cities.

Reversed.